UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLADIS B., | ) |
| Plaintiff, | ) No. 24-cv-8130 |
| v. | ) Magistrate Judge Keri L. Holleb Hotaling |
| FRANK BISIGNANO, Commissioner of the Social Security Administration, Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gladis B.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB"). The parties have filed cross motions for summary judgment. As detailed below, Plaintiff's motion for summary judgment [Dkt. 11] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 13] is DENIED; the Court hereby remands this matter for further proceedings.

1. **Procedural History**

On February 28, 2022, Plaintiff filed for DIB, alleging disability beginning August 31, 2016. [Administrative Record ("R.") 16.] The claims were denied initially and on reconsideration. [*Id*.] After an Administrative Hearing, an Administrative Law Judge ("ALJ") issued a January 30, 2024, decision denying Plaintiff's application for DIB. [R. 16-26.] The Appeals Council denied review [R. 1-7], rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. §404.981. Plaintiff has filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

2. **The ALJ's Decision**

On January 30, 2024, the ALJ issued a written decision denying Plaintiff disability benefits.

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[R. 16-26.] That decision followed the standard five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 31, 2016 through her date last insured of June 30, 2022. [R. 18.] At Step Two, the ALJ found Plaintiff had the following severe impairments: Fibromyalgia, obstructive sleep apnea, and obesity. [*Id*.] Also at Step Two, the ALJ found that Plaintiff's medically determinable mental impairments of depression and anxiety were non-severe but nonetheless caused mild limitations in concentrating, persisting, or maintain pace, as well as mild limitations in adapting or managing oneself. [R. 19-20]. Thus, the ALJ determined Plaintiff had "no severe mental impairment." [R. 19.] At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. [R. 20-23.] Before Step Four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work "except she is further limited to never climbing ladders, ropes, or scaffolds." [R. 20]. At Step Four, the ALJ determined that Plaintiff was able to perform her past relevant work as a loan clerk, a semi-skilled position. [R. 24.] Thus, the ALJ found Plaintiff not disabled under the Act. [R. 25.]

3.  **Social Security Regulations and Standard of Review**

In Social Security appeal cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019)). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d

507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his/her conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019); *see also Tremayne G. v. O'Malley,* No. 21-cv-1541, 2024 WL 1214753, at *2 (N.D. Ill. Mar. 21, 2024) ("Even when there is adequate evidence in the record to support the ALJ's decision, the findings will not be upheld if the ALJ does not build an accurate and logical bridge from the evidence to the conclusion.") (signals and citation omitted).

4. **Discussion**

Among other things, Plaintiff alleges the ALJ failed to consider Plaintiff's non-severe mental impairments when formulating the RFC. The Court agrees, and remands on this basis; the Court declines to reach any of the other issues presented by Plaintiff in support of remand.

At Step Two, the ALJ found that Plaintiff's medically determinable mental impairments of depression and anxiety were non-severe but nonetheless caused mild limitations in concentrating, persisting, or maintaining pace and adapting or managing oneself. [R. 19-20.] At the end of his Step Two finding, the ALJ stated:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment. The following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis.

[R. 20.] However, when determining Plaintiff's RFC, the ALJ did not mention Plaintiff's mental impairments, let alone make a "detailed assessment" of what, if any, restrictions her limitations in the two functional areas placed on her ability to work. [R. 21-24.]

While Defendant argues the ALJ did not need to discuss Plaintiff's mental health impairments beyond Step Two, stating: "It was not error for the ALJ to assess this evidence in his step-two finding rather than within the RFC assessment" [Dkt. 14, at 4], this is wrong. "[T]he RFC analysis is not a substitute for the special technique [to assess a claimant's mental impairments], even though some of the evidence considered may overlap." *Craft v. Astrue*, 539 F.3d 668, 675 (7th Cir. 2008) More specifically, courts in the Northern District of Illinois have found that "the ALJ's step two discussion cannot justify the RFC because the ALJ expressly stated that the discussion was not an RFC assessment and that the RFC 'require[d] a more detailed assessment." *Omar R. v. Kijakazi*, No. 22-cv-3784, 2023 WL 5980010, at *3 (N.D. Ill. Sept. 14, 2023) (quoting *Dianne O. v. Kijakazi*, No. 21-cv-2348, 2023 WL 3864589, at *3 (N.D. Ill. June 7, 2023) (citing *Anthony W. v. Kijakazi*, No. 20-cv-6209, 2022 WL 1062334, at *3 (N.D. Ill. Apr. 8, 2022) ("While the Court generally reads the ALJ's decision as a whole, the ALJ here explicitly stated that the step two analysis did not constitute a mental RFC assessment."))); *see also Brandon D. v. O'Malley*, No. 22-cv-711, 2024 WL 4449965, at *4 (N.D. Ill. Oct. 9, 2024) (same). "Although the ALJ's step two analysis is not an RFC finding, if an ALJ finds mental impairments at step two, these should then be 'reflected as limitations in the RFC finding.'" *Judy M. v. Kijakazi*, 658 F. Supp. 3d 596, 602 (N.D. Ill. 2023) (citing SSR 96-8p, 1996 WL 374184, at *4).

The ALJ was required to do more than discuss Plaintiff's restrictions in isolation at Step Two; he also had to consider them in combination with her other impairments in the RFC analysis. *Omar R.*, 2023 WL 5980010, at *3 (citing *Charles M. v. Saul*, No. 18-cv-6949, 2020 WL 231080, at *7 (N.D. Ill. Jan. 15, 2020)). The ALJ even acknowledged that "[t]he limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment." [R. 20.] However, the promised "more detailed assessment" never arrived. [R. 19-25.]

4

Myriad cases in this District have remanded for this exact reason. *See*, *e.g.*, *Judy M.*, 658 F. Supp. 3d 596, 602-03; *Patricia A.G. v. Kijakazi*, No. 21-cv-5573, 2023 WL 2683470, at *3 (N.D. Ill. Mar. 29, 2023); *Thomas G. v. Kijakazi*, No. 20-cv-5860, 2022 WL 4234967, at *4-5 (N.D. Ill. Sept. 14, 2022); *David K. v. Kijakazi*, No. 20-cv-1743, 2022 WL 2757695, at *4 (N.D. Ill. July 14, 2022).

Incorporating such limitations into the RFC is critical because even "mild limitations in social functioning or concentration, persistence, or pace may preclude the ability to perform…skilled and semi-skilled work." *Cheryl C. v. Berryhill*, No. 18-cv-1443, 2019 WL 339514, at *3 (N.D. Ill. Jan. 28, 2019); *Hovi v. Colvin*, No. 12-C-169, 2013 WL 3989232, at *16 (W.D. Wis. Aug. 2, 2013) (collecting cases). While even mild limitations in memory and concentration might impact or preclude a claimant's ability to perform unskilled work, the "[i]nclusion of such limitations is particularly important when the ALJ considers the claimant's ability to perform past semi-skilled or skilled work." *David K.*, 2022 WL 2757695, at *4; *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010).

Plaintiff argues the ALJ's error in this respect was "particularly harmful" here, because the ALJ found Plaintiff capable of performing her past work as a loan clerk, which is a semi-skilled job. [R. 24.] The Court agrees that the ALJ's failure to provide a "more detailed assessment" of Plaintiff's mental impairments within the RFC framework was a fatal error compounded by the ALJ's determination Plaintiff could perform semi-skilled work.

## 5. Conclusion

For the foregoing reasons, the Court must reverse and remand for proceedings consistent with this Memorandum Opinion and Order. Plaintiff's motion for summary judgment [Dkt. 11] is GRANTED and the Commissioner's motion for summary judgment [Dkt. 13] is DENIED.

**ENTERED: September 23, 2025**

Hon. Keri L. Holleb Hotaling
United States Magistrate Judge